TOM S. WOTKYNS & COMPANY, Plaintiff, *v.* THE DEMPSEY-GABRIELS BRICK COMPANY, Defendant.

(County Court, Saratoga County, January, 1909.)

Execution against property — Lien and priorities — Priorities between executions.

> Where a sheriff has made a valid levy under an execution duly issued upon the property of the judgment debtor and taken the property into his physical possession, and, thereafter, an execution issued upon a subsequently docketed judgment against the same judgment debtor is delivered to said sheriff who makes no actual levy thereunder, a constable to whom an execution is issued by a justice of the peace against the same defendant cannot make a valid levy upon the same property nor sell the same subject to the levy thereon by the sheriff.
>
> The second execution, upon its delivery to the sheriff, operated as a constructive levy upon the property in his possession and

County Court, Saratoga County, January, 1909.     [Vol. 62.

upon a sale under the first execution the proceeds are subject to his fees and poundage to be applied to the payment of the first judgment in full, then to the second judgment as far as the money will allow, and the surplus, if any, to be applied upon the justice's judgment.

Motion by sheriff of Saratoga county for an order directing the disposition of certain moneys in his hands arising from the sale of certain personal property belonging to defendant.

Samuel Foster, for Tom S. Wotkyns & Company.

Walter H. Wertime, for Cohoes-Waterford Telephone Company.

John Scanlon, for Doras Francisco and Hoffman Steenburgh.

H. E. McKnight (William T. Moore, of counsel), for John Bradley, Jr., sheriff of Saratoga county.

Rockwood, J.   This is a motion by the sheriff of Saratoga county for an order directing the disposition of certain moneys in his hands, arising from the sale of certain personal property of the Dempsey-Gabriels Brick Company, under an execution issued to the sheriff in the action above entitled. The question presented by the papers relates to the priority of certain executions.   It appears that Tom S. Wotkyns & Co. recovered a judgment against the brick company on the 16th day of December, 1908, in an action in the City Court of the city of Troy.   A transcript of the judgment was docketed in the Saratoga county clerk's office on December 17, 1908, at ten o'clock A. M., and an execution thereupon delivered to the sheriff of Saratoga county on December 17, 1908, at ten fifteen o'clock A. M.; the sheriff, by his deputy, thereupon levied upon the personal property of the defendant brick company.   Thereafter the Cohoes-Waterford Home Telephone Company recovered a judgment in justice's court against the brick company for sixty-three dollars and sixty-five cents, which judgment was docketed in the office of the

clerk of Saratoga county on the 18th day of December, 1908, at nine fifty-five o'clock A. M., and thereupon became a judgment of the County Court. An execution upon this judgment was delivered to the sheriff of Saratoga county on December 18, 1908, at ten o'clock A. M. No actual levy was ever made by virtue of this execution; but, at the time it was delivered to the sheriff, he had made his levy upon the property of the brick company by virtue of the Wotkyns execution and had the property in his physical possession at that time.

Thereafter Doras Francisco recovered a judgment against the same defendant in justice's court, on the 18th day of December, 1908, at ten o'clock A. M. The justice of the peace thereupon issued an execution, at ten fifteen o'clock A. M., which execution was placed in the hands of a constable who thereupon levied upon the same goods which were in the physical possession of the sheriff of Saratoga county by virtue of the execution issued in the Wotkyns action.

The sheriff, by virtue of the executions in his hands, sold the property levied upon in the Wotkyns action and realized the sum of $202. All of the parties concede that the Wotkyns judgment, being a prior lien, should be first paid; and the sheriff is directed to pay such amount to the attorney for Tom S. Wotkyns & Company, to wit: the sum of $110.84 with interest from December 16, 1908, together with the sheriff's legal fees and poundage.

The question arises as to the disposition of the balance of the fund, that is, whether it should be paid to Doras Francisco by virtue of his execution issued by the justice of the peace, or to the Cohoes-Waterford Home Telephone Company by virtue of its execution issued to the sheriff.

Francisco contends that section 1408 of the Code is applicable and entitles him to a preference. That section reads as follows: " But an execution, issued out of a court not of record, or a warrant of attachment, granted in an action pending in a court not of record, if actually levied, has preference over another execution, issued out of any court, of record or not of record, which has not been previously levied."

At the time of the issuance of the Francisco execution, the

Cohoes-Waterford Home Telephone Company execution had been issued and had been delivered to the sheriff, but no actual levy had been made. As the sheriff, however, had possession of the property of the brick company by virtue of the Wotkyns & Company execution, I hold that there was a constructive levy which gives the Cohoes-Waterford Home Telephone Company's execution a preference.

This precise question was decided by Judge Bockes in the case of Seymour v. Newton, 17 Hun, 30, wherein it was held that, where a sheriff has made a valid levy under an execution and taken the property into his possession, a constable, to whom executions against the same defendant are subsequently issued by a justice of the peace, cannot make any levy on such property, nor can he sell the same subject to the levy made by the sheriff. In the opinion the court held: "After an execution has been levied by a sheriff, the receipt of a second execution by that officer against the same defendant operates as a constructive levy upon the property previously levied upon by him." Citing Birdseye v. Ray, 4 Hill, 158, 160.

It is further held that in such a case the property is in the custody of the law, being in the physical possession of the sheriff, and that a constable would be without power or authority to take the property from the sheriff by virtue of a levy upon an execution issued by a justice of the peace.

The Seymour case, *supra,* has been cited with approval and does not appear to have been distinguished. I hold, therefore, upon the authority of this and kindred decisions, that the property levied upon under the Wotkyns execution was in the physical custody of the sheriff; that the delivery of the telephone company execution operated as a constructive levy by virtue of that execution; that the constable was without power to levy upon the property while it was in the hands of the sheriff, or to take it from him, and that section 1408 of the Code of Civil Procedure is not applicable to the facts in this case, because a constructive levy upon property in custody of the law operates as an actual levy for all intents and purposes and entitles the telephone company to a legal preference.

N. Y. Exch. Bank *v.* Twelfth Ward Bank. **69**

Misc.]           Supreme Court, January, 1909.

The order, therefore, is that the sheriff disburse the money as follows:

*First.* That he pay the judgment of the Wotkyns Ccmpany in full.

*Second.* That he pay the execution of the Cohoes-Waterford Home Telephone Company as far as the money in his hands will allow, and that he apply the surplus, if any there shall be, to Doras Francisco, the sheriff, of course, to deduct his legal fees and poundage.

Application is made by counsel for the sheriff for an allowance for costs; but I find no section of the Code authorizing me to make such direction, and such application is, therefore, denied.

Ordered accordingly.